1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | LARRY WILLIAM CORTINAS,

Case No. 1:14-cv-01090-SKO-HC

12 |        Petitioner,

ORDER DISMISSING THE PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT LEAVE
TO AMEND (D0C. 1)

13 |    v.

14 |

CALIFORNIA ATTORNEY GENERAL, et

ORDER DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY
AND DIRECTING THE CLERK
TO CLOSE THE CASE

15 | al.,

16 |       Respondents.

17

18     Petitioner is a state prisoner proceeding pro se and in forma

19 pauperis with a petition for writ of habeas corpus pursuant to 28

20 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has

21 consented to the jurisdiction of the United States Magistrate Judge

22 to conduct all further proceedings in the case, including the entry

23 of final judgment, by manifesting Petitioner's consent in a writing

24 signed by Petitioner and filed by Petitioner on August 28, 2014.

25 Pending before the Court is the petition, which was filed on July

26 14, 2014.

27     I.  <u>Screening the Petition</u>

28     Rule 4 of the Rules Governing § 2254 Cases in the United States

1

District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, in the petition filed on July 14, 2014, Petitioner alleges that he is an inmate of the California State Prison at

1  Corcoran, California (CSP-COR), where he has been subject to various

2  conditions of confinement in violation of his constitutional rights,

3  including 1) the failure to permit him to have prayer oil in the

4  security housing unit in violation of his First Amendment religious

5  rights and constitutes forbidden punishment (doc. 1 at 2-3, 6-8),

6  and 2) the handling of Petitioner's administrative appeal of a

7  complaint of staff misconduct concerning allegedly excessive force

8  on January 25, 2012 (id. at 4, 13-14, 32-33, 42).  Petitioner prays

9  for an investigation of the handling of the appeal process by the

10  California Department of Corrections and Rehabilitation (CDCR), a

11  supply of prayer oil, and an evidentiary hearing.  (Id. at 8-9.)

12       II.   Conditions of Confinement

13       This Court has a duty to determine its own subject matter

14  jurisdiction, and lack of subject matter jurisdiction can be raised

15  on the Court's own motion at any time.  Fed. R. Civ. P. 12(h)(3);

16  CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City

17  of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

18       A court will not infer allegations supporting federal

19  jurisdiction.  A federal court is presumed to lack jurisdiction in a

20  particular case unless the contrary affirmatively appears; thus

21  federal subject matter jurisdiction must always be affirmatively

22  alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated

23  Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.

24  1989).

25       A federal court may only grant a state prisoner's petition for

26  writ of habeas corpus if the petitioner can show that "he is in

27  custody in violation of the Constitution or laws or treaties of the

28  United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is

3

1  the correct method for a prisoner to challenge the legality or

2  duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th

3  Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973));

4  Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In

5  contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the

6  proper method for a prisoner to challenge the conditions of that

7  confinement.  McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991);

8  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee

9  Notes to Habeas Rule 1, 1976 Adoption.

10      The Supreme Court has held that challenges to prison

11  disciplinary adjudications that have resulted in a loss of time

12  credits must be raised in a federal habeas corpus action and not in

13  a § 1983 action because such a challenge is to the very fact or

14  duration of physical imprisonment, and the relief sought is a

15  determination of entitlement to immediate or speedier release.

16  Preiser v. Rodriguez, 411 U.S. 475, 500.  Thus, such claims are

17  within the core of habeas corpus jurisdiction.

18      Cases in this circuit have recognized a possibility of habeas

19  jurisdiction in suits that do not fall within the core of habeas

20  corpus.  Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989)

21  (expungement of disciplinary finding likely to accelerate

22  eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir.

23  2004) (claim challenging the constitutionality of the frequency of

24  parole reviews, where the prisoner was seeking only equitable

25  relief, was held sufficiently related to the duration of

26  confinement).  However, relief pursuant to § 1983 remains an

27  appropriate remedy for claims concerning administrative decisions

28  made in prison where success would not necessarily imply the

4

1  invalidity of continuing confinement.  Docken v. Chase, 393 F.3d at
2  1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)
3  as holding that a § 1983 suit is an appropriate remedy for
4  challenges to conditions [there, administrative placement in a sex
5  offender program affecting eligibility for parole] which do not
6  necessarily imply the invalidity of continuing confinement); Ramirez
7  v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).
8      Here, Petitioner's claims do not relate to or affect the
9  duration of his confinement; rather, they concern only the
10  conditions of his confinement.  Thus, Petitioner's claims must be
11  dismissed.  Additionally, because of the nature of Petitioner's
12  claims, even if leave to amend were granted, Petitioner could not
13  amend his petition to allege tenable habeas claims.  Petitioner
14  could not allege specific facts that demonstrate that as a result of
15  the challenged procedures, the legality or duration of Petitioner's
16  confinement, as distinct from the conditions of his confinement, was
17  affected.
18      Accordingly, Petitioner's habeas petition will be dismissed
19  without leave to amend.
20      III.  Remedy
21      Although the Court lacks habeas corpus jurisdiction over the
22  claims concerning conditions of confinement, the Court could
23  construe Petitioner's claims as a civil rights complaint brought
24  pursuant to 42 U.S.C. § 1983.  See Wilwording v. Swenson, 404 U.S.
25  249, 251 (1971).  However, the Court declines to construe the
26  petition as a civil rights complaint because of various differences
27  in the procedures in habeas proceedings and in civil rights actions.
28  ///

1      First, if the petition were converted to a civil rights

2   complaint, Petitioner would be obligated to pay the $350 filing fee

3   for a civil action, whether in full or through withdrawals from his

4   prison trust account in accordance with the availability of funds.

5   28 U.S.C. §§ 1914, 1915(b).   The dismissal of this action at the

6   pleading stage would not terminate Petitioner's duty to pay the $350

7   filing fee.   Here, the petition was not accompanied by the $350

8   filing fee.

9      Further, 42 U.S.C. § 1997e(a) provides, "No action shall be

10  brought with respect to prison conditions under section 1983 of this

11  title, or any other Federal law, by a prisoner confined in any jail,

12  prison, or other correctional facility until such administrative

13  remedies as are available are exhausted."   This provision requires

14  exhaustion "irrespective of the forms of relief sought and offered

15  through administrative avenues."   Booth v. Churner, 532 U.S. 731, 741

16  n.6 (2001).   Here, it is not clear that Petitioner has exhausted his

17  administrative remedies and the administrative remedy itself is an

18  issue in the petition.

19     Another omission from the petition that affects the Court's

20  decision not to consider it as a civil rights complaint is the

21  Petitioner's failure to identify the capacity in which the named

22  respondent would be sued for purposes of a civil rights claim, which

23  is critical to the issue of sovereign immunity.   Additionally,

24  if the petition were converted to a civil rights complaint, the

25  Court would be obligated to screen it pursuant to the screening

26  provisions of the Prisoner Litigation Reform Act of 1995.   28 U.S.C.

27  § 1915A(b); 42 U.S.C. § 1997e(c)(1).   It is not clear that all of

28  Petitioner's allegations state civil rights claims.   If the pleading

6

1  ultimately were dismissed for failure to state a claim upon which

2  relief may be granted, such a dismissal could count as a "strike"

3  against Petitioner for purposes of 28 U.S.C. § 1915(g) and any

4  future civil rights action he might bring.

5      Based on the foregoing, the petition will be dismissed so

6  Petitioner himself may determine whether or not he wishes to raise

7  his claims through a properly submitted civil rights complaint.

8      IV.   Certificate of Appealability

9      Unless a circuit justice or judge issues a certificate of

10 appealability, an appeal may not be taken to the Court of Appeals

11 from the final order in a habeas proceeding in which the detention

12 complained of arises out of process issued by a state court.   28

13 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336

14 (2003).   A district court must issue or deny a certificate of

15 appealability when it enters a final order adverse to the applicant.

16 Rule 11(a) of the Rules Governing Section 2254 Cases.

17     A certificate of appealability may issue only if the applicant

18 makes a substantial showing of the denial of a constitutional right.

19 § 2253(c)(2).   Under this standard, a petitioner must show that

20 reasonable jurists could debate whether the petition should have

21 been resolved in a different manner or that the issues presented

22 were adequate to deserve encouragement to proceed further.   Miller-

23 El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S.

24 473, 484 (2000)).   A certificate should issue if the Petitioner

25 shows that jurists of reason would find it debatable whether: (1)

26 the petition states a valid claim of the denial of a constitutional

27 right, and (2) the district court was correct in any procedural

28 ruling.   Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u>  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability will issue.

V.   <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend for failure to state facts entitling the Petitioner to relief in a proceeding pursuant to 28 U.S.C. § 2254;

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because the dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated:   **September 25, 2014**                    **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE

8